# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

IRA B. HARRIS,                              )
                                            )
    Plaintiff,          )
                                            )
  v.                              )   No. 4:22-CV-1156 ACL
                                            )
ROBERT D. BLITZ and KELLY FARRELL,          )
                                            )
    Defendants.         )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff Ira B. Harris (prison registration number 44990) for leave to commence this civil action *in forma pauperis*, or without prepayment of the filing fee.  ECF No. 2.  While incarcerated, Plaintiff has brought at least three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim.  Accordingly, for the reasons discussed below, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint without prejudice, subject to refiling as a fully paid complaint.

Plaintiff, currently incarcerated at Jefferson City Correctional Center, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). Prisoners who have three strikes must prepay the entire filing fee in order for their case to proceed. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Based on a review of cases filed by Plaintiff in this Court and in the United States District Court for the Western District of Missouri, Plaintiff has accumulated three strikes.[1]  Furthermore, in June 2021, the Western District Court determined that, pursuant to 28 U.S.C. § 1915(g), Plaintiff is not allowed to proceed *in forma pauperis*.  *Harris v. Stringer*, No. 2:21-cv-04110-NKL, ECF No. 5 (W.D. Mo. June 2, 2021).  Therefore, this Court would be unable to permit Plaintiff to proceed *in forma pauperis* in this matter unless the "imminent danger" exception is applicable.  28 U.S.C. § 1915(g).

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury.  *Higgins*, 258 F.3d at 800. This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing.  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Id*.

Plaintiff brings the instant action under 42 U.S.C. § 1983, against attorneys who were appointed by this Court to represent him in a prior civil rights action.  *See Harris v. Kempker*, 1:15-

---

[1] While incarcerated, Plaintiff has had three or more prior actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See Harris v. Boyer*, No: 4:10-cv-01618-SNLJ, ECF No. 20 (E.D. Mo. Dec. 30, 2011) (dismissed for failure to state a claim); *Harris v. Schafer*, No: 2:07-cv-04175-SOW, ECF No. 29 (W.D. Mo July 3, 2008) (dismissed for failure to state a claim); *Harris v. Trickey*, No: 2:90-cv-04328-SOW, ECF No. 10 (W.D. Mo Jan. 4, 1991) (dismissed as frivolous).

cv-140-SNLJ, ECF Nos. 83, 86 (E.D. Mo.).  That prior action was filed in July 2015, dismissed by this Court in February 2021, and affirmed on appeal by the Eighth Circuit Court of Appeals in September 2021.  *Id.* at ECF Nos. 277, 293.  Plaintiff alleges in the instant suit that the attorney-defendants breached their duty of care, failed to act in a reasonable manner, and were negligent in the appeals process.

Plaintiff does not assert that he is in imminent danger and nothing in the complaint constitutes imminent danger of serious physical injury at the time of case filing.  Plaintiff complains about actions taken by attorney-defendants in a case that has been closed for over a year.  Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him.  Therefore, the Court will deny Plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, subject to Plaintiff refiling a fully paid complaint.  *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint guardian ad litem [ECF No. 4] is **DENIED as moot**.

**IT IS FINALLY ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 9th day of November, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE