# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| IRA B. HARRIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CV-1156 ACL |
| ROBERT D. BLITZ and KELLY FARRELL, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on a motion from self-represented Plaintiff Ira Harris. ECF No. 10. While incarcerated, Plaintiff has brought three or more cases dismissed on the grounds of frivolity, maliciousness, or failure to state a claim. Therefore, Plaintiff is subject to the filing restrictions of 28 U.S.C. § 1215(g). As such, on November 9, 2022, this civil action was dismissed without prejudice, subject to Plaintiff refiling as a fully paid complaint. ECF Nos. 7-8.

According to Plaintiff's post-dismissal motion, he received money from a settlement in a different court action, so he has the money to pay the full filing fee for this case. ECF No. 10 at 1-2. However, according to Plaintiff, the "housing unit manager" at Jefferson City Correctional Center will not allow him to access these settlement funds. Plaintiff alleges that denying him "the right to continue funding his complaint" is a civil rights violation and he "cannot defend himself … due to mental disease." *Id.* Plaintiff attached to his motion a memo from the Missouri Department of Corrections (MDOC) outlining the requirements for requesting transfer of funds from a savings to a personal account, and a letter received by MDOC on February 15, 2023, in which Plaintiff requests transfer of funds for payment of the filing fee for this case. *Id.* at 4-5. Plaintiff seeks an Order from the Court directing the MDOC to "release the desired amount from

[Plaintiff's] Mandatory Savings." *Id.* at 2.  Plaintiff mailed this motion on February 24, 2023.  *Id.* at 8.

The Court will not grant Plaintiff's request for multiple reasons.  First, this is a closed matter in which the Missouri Department of Corrections is not a party.  This federal court will not get involved in a dispute between Plaintiff and MDOC that is not properly before the Court in an open matter.  Furthermore, it is not even clear from the filing whether Plaintiff's request for access to funds has been denied by MDOC.  Plaintiff filed a letter that he sent to the Offender Finance Office but he did not attach the response he received from the letter, nor did he even specify if he had received a response before filing the instant motion in this Court.

Second, the Court will not grant Plaintiff's motion because such action by Plaintiff would be futile.  Plaintiff's § 1983 complaint in this matter alleges his federal-court appointed attorneys breached their duty of care to him, failed to act in a reasonable manner, and were negligent in the appeals process.  However, only state actors can be held liable under § 1983.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).  There is no evidence that Plaintiff's attorneys were acting on behalf of the State or that they were willful participants in joint activity with the State.  Furthermore, Plaintiff does not allege that there was a mutual understanding or meeting the minds between defendants and any state actor.  *See Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).  As such, even if Plaintiff paid the full filing fee in this matter, his complaint would be subject to dismissal for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for relief in this closed matter [ECF No. 10] is **DENIED**.

Dated this 12th day of April, 2023.

                                              */s/ Audrey G. Fleissig*
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE